| JAMES C. GULOTTA, Judge Pro Tem.
In a June 16, 1995 judgment of the Office of Worker’s Compensation Administration, plaintiffs suit for compensation benefits was dismissed as prescribed. The basis of the judgment was that plaintiffs claim was filed more than one year from the date of the last payment of weekly workers’ compensation.[1] We reverse and remand.
It is undisputed that on May 22, 1991, plaintiff was injured in a work related accident while employed as a retail store manager at Mrs. Fields Cookies. After the accident, weekly temporary total benefits were paid to the plaintiff from May 22, 1991 until July 12, 1993. According to Clark, he became incarcerated in an out-of-state facility from December 12, 1992 until March 21, 1994. On August 10, 1994 this employee filed suit against Mrs. Fields Cookies and its insurer, the Hartford Insurance Company, seeking weekly compensation benefits. An answer to that petition was filed by defendants on December 29, 1994. According to Clark, thereafter on February 22, 1995, defendants filed a pre-trial statement setting forth the issues to be [2litigated at the trial; also defendants filed interrogatories on March 6,1995 and a rehabilitation evaluation was scheduled for plaintiff on March 30, 1995. Further, depositions were taken by defendants on February 8,1995. On June 6, 1995 the plaintiff filed an amended petition for compensation. Additionally, on June 15, 1995 a second amended petition was filed on plaintiffs behalf. The morning of the trial defendants filed an exception of prescription. On June 16, 1995 a judgment was rendered dismissing plaintiffs suit.
In seeking a reversal, plaintiff contends first that under the provisions of LSA R.S. 23:1201.4[2] an employee’s right to compensation benefits is “forfeited” during incarceration, and after release the employee’s right to claim compensation benefits “resumes.”
In other contentions plaintiff claims that an answer filed by defendants constituted a general appearance thereby interrupting prescription and that subsequent amendments to his claim filed in 1994 and 1995 related back to the original petition filed in 1992 and thereby terminated the running of prescription.
Because we conclude prescription was suspended while plaintiff had been incarcerated in a correctional facility, we do not address other contentions raised by plaintiff.
A party pleading prescription generally has the burden of proving it. ^However, when a suit has prescribed on its face, a plaintiff has the burden of proving that prescription was interrupted or suspended. Tudury v. Shoney’s Inc., 603 So.2d 228 (La.App. 4th Cir.1992), writ denied, 607 So.2d 569 (La.1992).
Because we conclude that plaintiff has carried the burden of showing that prescription was suspended, we hold that prescription has not tolled.
It is undisputed that the last payment was made to plaintiff on July 12, 1993. The insurer’s senior claim representative, Melanie Roser, testified that she authorized payment of compensation benefits from the date of injury, May 22, 1991 until July 12, 1993. It is also undisputed that plaintiff had been incarcerated from December 12, 1992 until March 21,1994.
*1054 Applying LSA R.S. 23:1201.4 in which it is implicit that an employee does not have any right to claim compensation while in prison, it is clear that plaintiff’s claim cannot be dismissed based on prescription. Because Clark’s right to compensation benefits were forfeited during his incarceration, he could not have made a claim for benefits during that period from December 12, 1992 through March 21, 1994. His right to claim benefits resumed on the date of his release. Clark’s benefits were paid to him up to July 12,1993 irrespective of the fact that he was in prison on the July 12th date. We hold that under these circumstances the one year period for filing Clark’s claim did not commence until March 21, 1994 when he was released from prison. He therefore had one year from that date to file his claim. His claim filed on August 10, 1994 was timely filed. We are here concerned with a suspension of prescription rather than an interruption. In the instant case prescription was suspended during incarceration. See LSA R.S. 23:1201.4; Miles v. F.D. Shay Contractor, Inc., 626 So.2d 74 (La.App. 3 Cir.1993).
Accordingly, the judgment dismissing plaintiffs claim for benefits as prescribed is reversed and set aside. This matter is remanded for further proceedings.

REVERSED AND REMANDED.

. LSA R.S. 23:1209(A) provides, in pertinent part:
"A. In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment ...”

. LSA R.S. 23:1201.4 provides:
“The employee’s right to compensation benefits, including medical expenses, is forfeited during any period of incarceration; unless a hearing officer finds that an employee has dependents who rely on a compensation award for their support, in which case said compensation shall be made payable and transmitted to the legal guardian of the minor dependent or other person designated by the hearing officer and such payments shall be considered as having been made to the employee. After release from incarceration, the employee's right to claim compensation benefits shall resume.”