JjMAX N. TOBIAS, JR, Judge.
The defendants, Mrs. Fields Cookies, Inc. (“Mrs. Fields”) and Hartford Insurance Company (“Hartford”), appeal from a judgment of the Office of Workers’ Compensation rendered in favor of the claimant, Jerry D. Clark (“Clark”).
The factual and procedural history of this case follows. Clark was injured on 22 May 1991 in a work-related accident while employed as a retail store manager at Mrs. Fields. He filed a claim with the Office of Workers’ Compensation (“OWC”) in July 1992, which is designated as claim number 92-06681 (“the 1992 action”). On 10 August 1992, Mrs. Fields and Hartford, its workers’ compensation insurer, filed an answer in the 1992 action. On 21 August 1992, the OWC gave notice to the parties that an informal conference originally scheduled for 12 October 1992 was rescheduled for 20 October 1992; the record on appeal fails to disclose when and if a prior notice to the parties was sent. On 29 October 1992, the 1992 action was “administratively closed” or “dismissed” (exactly which being the case is not clear from the record on appeal) due to failure |?to prosecute or for some other reason (again, this is not clear from the record on appeal). The basis for the “dismissal” of the 1992 action is at issue in the instant appeal.
The defendants paid compensation benefits to Clark for the period of 22 May 1991 until 12 July 1993. On 15 July 1993, Hartford sent Clark a notice advising him that it was suspending all further compensation payments because he had failed to appear for an independent medical examination. When the notice was sent, Clark was incarcerated in an out-of-state prison. He was released in March 1994.
On 10 August 1994, thirteen months after receipt of the last compensation payment, Clark filed another claim with the OWC, alleging the wrongful termination of benefits; this second claim was designated as number 94-06738 (“the 1994 action”).
Mrs. Fields and Hartford answered, disputing Clark’s entitlement to further payments. In addition, the defendants filed an exception of prescription, asserting that the claim was time barred pursuant to La. R.S. 23:1209(A) because it was instituted more than one year after the last compen *516 sation payment made on 12 July 1993. The workers’ compensation judge maintained the exception of prescription and dismissed the 1994 action. Clark appealed the dismissal of the 1994 action to this court. While his appeal pended, on 15 July 1995, Clark filed in the 1992 action a motion to reinstate that action arguing that a claim for workers’ ^compensation cannot be dismissed for failure to prosecute until five years have elapsed pursuant to La. R.S. 23:1209(D).
On 4 December 1996, this court reversed the workers’ compensation judge and held that prescription was suspended during Clark’s incarceration.[1] Upon the application of Mrs. Fields and Hartford, the Louisiana Supreme Court granted certiorari, reversed this court, held that the 1994 action had prescribed because it was not filed within twelve months of the last payment, and remanded the case to this court to consider “whether the hearing officer erred in dismissing [Clark’s] claim for other reasons.”[2] In essence, the Court remanded the case to us to determine the basis for the dismissal of the 1992 action and consider the merits of Clark’s motion to reinstate it.
On remand, we concluded that “the procedural history of the administrative closure and/or dismissal of the 1992 action and the outcome of the motion to reinstate that action need[ed] to be clarified in the record” and remanded' the matter to the OWC for that purpose, expressly stating that the workers’ compensation judge was to address the issues “upon a full and clear record.”[3]
Pursuant to our remand order, in lieu of a trial, the workers’ compensation judge held a telephone status conference on 4 April 2000 with counsel for both parties. At that time, the judge ordered the parties to request copies of the record in the 1992 action and to file supplemental post-trial memoranda. The defendants filed a supplemental post trial memorandum and attached as exhibits copies of ^documents from their own file in the 1992 action. The record before us does not reflect that Clark filed a supplemental post-trial memorandum.
The workers’ compensation judge rendered a judgment on 28 November 2000, holding that “the [1992 action] was neither prescribed nor abandoned and the filing of the motion to reinstate and the new petition bearing Docket Number 94-06738 interrupted prescription and the issues contained therein relate back to the [1992 action], and are therefore not prescribed.” As set forth in reasons for judgment, the workers’ compensation judge considered both Hearing Officer Rule 2139 and La. 23:1209(D) and, finding them to be in conflict, concluded the state statute superseded the hearing officer rule. The workers’ compensation judge specifically concluded:
[T]he 1992 dismissal of 92-06681 was apparently pursuant to Hearing Officer Rule 2139(4) and not R.S. 23:1209(D). Therefore it was dismissed without prejudice — it was not forever barred being revived. Claimant’s motion to reinstate, filed July 1995, was timely in that the case was not in an abandoned state; as was the amended or new 1008 filed August 1994. Claimaint had until October 29, 1997 to request reinstatement. The motion to reinstate was filed within the *517 requisite five year period pursuant to R.S. 23:1209(D).
The defendants appeal from that judgment, arguing that the workers’ compensation judge erred in concluding that the 1992 action was dismissed pursuant to Hearing Officer Rule 2139(4) rather than on the basis of prematurity pursuant to Hearing Officer Rule 1314. They contend that it is undisputed that|fithey paid Clark benefits from the date of the accident through July 1993, and, thus the 1992 action was, in fact, premature at the time of its dismissal in October 1992.
With the exception of the exhibits attached to the defendants’ supplemental post-trial memorandum, the record before us contains absolutely no documentary evidence from the record in the 1992 action, although the workers’ compensation judge specifically refers to “the computerized record” generated from the OWC’s mainframe computer in her reasons for judgment. Without the 29 October 1992 judgment of dismissal and/or reasons for judgment or a docket entry to indicate the workers’ compensation judge’s reasons for dismissal of the 1992 action in the record on appeal, we cannot determine whether or not the workers’ compensation judge erred in concluding that the 1992 dismissal was pursuant to Hearing Officer Rule 2139(4), rather than Hearing Officer Rule 1314, or that the 1992 action had not prescribed. Clearly, the telephone status conference and a supplemental post-trial memorandum were not a substitute for a trial on the merits. The workers’ compensation judge erred in failing to create a “full and clear record” as this court directed.
Because the record before us is insufficient, we are unable to render a judgment that is just, legal, and proper. La. C.C.P. art. 2164. Therefore, we remand this case to the OWC for a trial on the merits, with a court reporter present to transcribe the proceedings and for the taking of evidence for the purpose of establishing a record for appeal.
| ^Accordingly, the 28 November 2000 judgment of the Office of Workers’ Compensation is vacated and this matter is remanded to the Office of Workers’ Compensation for further proceedings consistent with this opinion.
VACATED AND REMANDED.

. Clark v. Mrs. Fields Cookies, 96-1120 (La.App. 4 Cir. 12/4/96), 684 So.2d 1052.

. Clark v. Mrs. Fields Cookies, 97-0397 (La. 1/21/98), 707 So.2d 17.

. Clark v. Mrs. Fields Cookies, unpub., 96-1120 (La.App. 4 Cir. 3/2/00), 761 So.2d 824.