829 So.2d 1080 (2002)
Russell BELLARD
v.
SEALE GUEST HOUSE.
No. 02-355.
Court of Appeal of Louisiana, Third Circuit.
October 30, 2002.
Mack I. Frank, Opelousas, LA for Plaintiff/Appellant, Russell Bellard.
Christian P. Fasullo, Baton Rouge, LA, for Defendant/Appellee, Mark Seale.
James M. Miller, Jr., Miller & Richard, Rayne, LA, for Defendant/Appellee, Jennifer Seale.
*1081 John H. Pucheu, Pucheu, Pucheu & Robinson, Eunice, LA, for Defendant, Succession of Olive Seale Gil.
Court composed of JOHN D. SAUNDERS, MICHAEL G. SULLIVAN, and ELIZABETH A. PICKETT, Judges.
SULLIVAN, Judge.
Russell Bellard appeals the dismissal of his workers' compensation suit on an exception of prescription. Because this case presents issues that cannot be resolved on the scant appellate record before us, we reverse and remand for further proceedings.

Discussion of the Record
Mr. Bellard was allegedly injured on December 19, 1996 as the result of his employment with the Seale Guest House in Eunice, Louisiana. He filed suit one year later, on December 19, 1997. However, a minute entry dated May 28, 1998 provides that the claim was dismissed for "Failure to Prosecute." The record does not contain either the original disputed claim or a judgment of dismissal, but representations in subsequent pleadings and in the parties' briefs indicate that the claim was dismissed because Mr. Bellard failed to attend a pre-trial conference.
On February 8, 1999, Mr. Bellard filed a "Motion to Fix for Hearing," but this request was denied based upon the prior dismissal. On June 15, 1999, Mr. Bellard filed a "Motion for Reinstatement of Claim," alleging that he did not receive proper notice of the conference and that the proper defendant had not been made a party to the suit at the time of that conference. The motion also requested that "the Estate of Olive Seale Gil" be added as a Defendant. An order reinstating Mr. Bellard's claim was signed that same date.
On October 22, 1999, Mr. Bellard filed another disputed claim adding as a Defendant "Mark Seale d/b/a Seale Guest House." That petition describes the facts of an accident occurring on November 13, 1996, but having a "Date of Injury/Illness" as "12-19-96." On December 9, 1999, Mr. Bellard moved to amend his petition to add "Mark Seale and Jennifer Seale" as Defendants. Jennifer Seale and Mark Seale filed separate exceptions of prescription on August 31, 2001 and October 25, 2001, respectively. After a hearing, the workers' compensation judge granted both exceptions, reasoning that Mr. Bellard's initial petition did not interrupt prescription because that suit was later dismissed for failure to prosecute. Mr. Bellard appeals, arguing that the workers' compensation judge erred in not considering that his suit had been reinstated. He further argues that his suit had not met the statutory criteria for abandonment.

Opinion
The prescriptive period for Mr. Bellard's claim is found in La.R.S. 23:1209(A) (footnote omitted) (emphasis added), which provides:
In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not *1082 result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.

The amending petitions adding Mark Seale and Jennifer Seale as Defendants in October and November of 1999 appear prescribed on their face, having been filed over one year after an injury that allegedly developed on December 19, 1996 and, in any event, over two years after an alleged accident of November 13, 1996. However, as Mr. Bellard initially filed suit on December 19, 1997, we must consider the effect of that filing on prescription. See Clark v. Mrs. Fields Cookies, 01-597 (La. App. 4 Cir. 1/30/02); 809 So.2d 514.
La.Civ.Code art. 3463 (emphasis added) provides:
An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses the action at any time either before the defendant has made any appearance of record or thereafter, or fails to prosecute the suit at the trial.

The workers' compensation judge alluded to the second sentence of La.Civ.Code art. 3463 in reasoning that Mr. Bellard's 1997 suit had no effect on the running of prescription because it was later dismissed for "failure to prosecute." However, as discussed more fully below, the record presents questions of whether Mr. Bellard's 1997 suit was still "pending" when the amending petitions were filed. If so, the issue would then be whether the amending petitions "relate back" to the date of the filing of the original petition under La.Code Civ.P. art. 1153.
In the present case, the record suggests that the action was dismissed in May of 1998 for failure to attend a pre-trial conference. The authorization for such a dismissal is found in the Office Workers' Compensation's Hearing Rule 5705(4), which permits the workers' compensation judge to dismiss a claim ex parte for lack of prosecution "[w]here a party fails to appear for a properly noticed conference or trial." (Emphasis added.) Hearing Rule 5705 further provides that the order of dismissal shall be without prejudice and shall allow for reinstatement within thirty days for good cause shown. Mr. Bellard filed for reinstatement well beyond thirty days, but in his "Motion to Reinstate" he alleged that he never received notice of the conference. From the record before us, we are unable to determine if the conference was "properly noticed," as required by Hearing Rule 5705. The record contains only the following minute entries concerning any activity before February of 1999:

12-19-97 Disputed Claim for Compensation (1008)
 Filed by Employee Attorney Mack Frank.
02-27-98 Mediation Conference Held.
05-26-98 Claim Dismissed. Failure to Prosecute.
08-10-98 File Sent to Records Mgmt. in Baton Rouge.

*1083 Mr. Bellard also argues that his claim should not have been dismissed as abandoned because three years had not elapsed without any party taking a step in the prosecution of the claim, as required by La.Code Civ.P. art. 561. More specific to workers' compensation claims, however, is La.R.S. 23:1209(D) (emphasis added), which provides:
When a petition for compensation has been initiated as provided in Section 1310.3, unless the claimant shall in good faith request a hearing and final determination thereon within five years from the date the petition is initiated, same shall be barred as the basis of any claim for compensation under the Workers' Compensation Act and shall be dismissed by the office for want of prosecution, which action shall operate as a final adjudication of the right to claim compensation thereunder.
In Clark, 809 So.2d 514, the fourth circuit was poised to decide whether Hearing Rule 5705(4), then identified as Hearing Officer Rule 2139(4), was in conflict with La.R.S. 23:1209(D) when presented with these facts. The claimant in Clark was injured on May 22, 1991. Notwithstanding his receipt of indemnity benefits through July 12, 1993, he filed a disputed claim in the Office of Workers' Compensation in July of 1992. On October 29, 1992, that claim was "administratively closed" or "dismissed" for reasons not readily apparent from the record. The claimant filed a second disputed claim on August 10, 1994, some thirteen months after the receipt of his last payment of benefits and after he had been released from prison. The supreme court would ultimately reject the claimant's argument that prescription was suspended during his incarceration, but the court remanded the case to consider whether prescription had been interrupted by his 1992 petition. Clark v. Mrs. Fields Cookies, 97-397 (La.1/21/98); 707 So.2d 17. In the meantime, the claimant had filed for reinstatement of his 1992 claim on July 15, 1995, two years and nine months after its dismissal, arguing that a workers' compensation claim could not be dismissed for failure to prosecute until five years had elapsed under La.R.S. 23:1209(D). The workers' compensation judge agreed, ruling that La.R.S. 23:1209(D) superseded Hearing Rule 5705(4). Because five years had not elapsed between the 1992 dismissal and the filing of the motion to reinstate in 1995, the workers' compensation judge found that the claim had not been abandoned, despite the earlier "dismissal," and that the second petition of 1994 related back to the original petition of 1992.
On appeal, the fourth circuit did not reach the correctness of that ruling because the parties disputed whether the 1992 dismissal was based upon the failure to attend a pre-trial conference per Rule 5705(4) or upon prematurity, as the claimant was receiving some benefits when the claim was filed. After concluding that this factual dispute could be not resolved without a judgment of dismissal, written reasons, or a docket entry indicating the reason for the dismissal, the fourth circuit remanded the case to establish a complete record for appeal.
The parties in the present case agree that Mr. Bellard's claim was dismissed in May of 1998 for failure to attend a pretrial conference, but we are unable to determine from the record whether that conference was "properly noticed," as required by Hearing Rule 5705(4). Additionally, the record does not contain the petition filed in 1997. Hence, we are unable to identify the original Defendant(s) or to determine whether the petitions naming the later-added Defendants "relate back" to the original filing under La.Code Civ.P. art. 1153, should that issue arise. Accordingly, we will remand the case for *1084 clarification of the record and for consideration of the concerns expressed herein and in Clark, 809 So.2d 514.

Decree
For the above reasons, the judgment maintaining the exceptions of prescription filed by Defendants, Mark Seale and Jennifer Seale, is reversed, and the case is remanded to the Office of Workers' Compensation for further proceedings consistent with this opinion. Costs of this appeal are assessed to Mark Seale and Jennifer Seale.
REVERSED AND REMANDED.