# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 02-1010


TERRY L. PIPER

VERSUS

SHAKTI, INC.


************

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 2,
PARISH OF RAPIDES, NO. 01-1624,
HONORABLE JAMES L. BRADDOCK,
WORKERS' COMPENSATION JUDGE

************

**NED E. DOUCET, JR.**
**CHIEF JUDGE**

************

Court composed of Ned E. Doucet, Jr., Chief Judge, Billie Colombaro Woodard, and
Jimmie C. Peters, Judges.


**REVERSED AND REMANDED.**


**Terry L. Piper, #309140**
**Pro Se**
**5905 Coliseum Blvd.**
**Alexandria, LA 71309**
**PLAINTIFF/APPELLANT**

**Shakti, Inc.**
**d/b/a Quality Inn of Alexandria**
**Pro Se**
**Post Office Box 1994**
**Laurel, MS 39441-1994**
**DEFENDANT/APPELLEE**

DOUCET, Chief Judge.

Claimant, Terry L. Piper, appeals a judgment of an Office of Workers' Compensation judge dismissing his suit against Defendant, Shakti, Inc., for Claimant's failure to prosecute his claim. We reverse and set aside the judgment of the workers' compensation judge and remand to the Office of Workers' Compensation for further proceedings consistent with this opinion.

**FACTS**

Claimant, Terry L. Piper, alleges that he was injured in the course and scope of his employment with the Defendant on November 9, 1998. He further alleges that wage benefits were terminated or reduced on June 6, 2000. A Louisiana Department of Labor Workers' Compensation form 1008 was timely filed March 7, 2001. At that time Claimant was represented by counsel. Following Defendant's failure to attend a mediation conference on June 18, 2001, a preliminary default was granted in Claimant's favor on August 24, 2001. A confirmation hearing was set for September 17, 2001. Sometime between August 24, 2001, and September 17, 2001, Claimant was incarcerated and the confirmation hearing was upset. On January 9, 2002, Claimant's counsel filed a motion to withdraw, leaving Claimant unrepresented. In his letter of resignation sent to Claimant, counsel informed Claimant of a pending telephone conference in the workers' compensation action which was scheduled for January 16, 2002, at 1:30 p.m. Because of the short notice and his incarceration, Claimant was unable to arrange to participate in the telephone conference. We note, there is no evidence in the record that either Claimant or counsel received proper notice of the telephone conference.

1

On January 17, 2002, Claimant's suit was dismissed for his failure to participate in the telephone status conference. The record reflects that Claimant filed a pro se "Motion For Reinstatement of Action" on February 26, 2002. Although the record does not show the disposition of this motion, the workers' compensation judge did issue a "Writ of Habeas Corpus Ad Testification" to Warden Kelly Ward, of the David Wade Correctional Center, on February 26, 2002, ordering that the Claimant be produced at the Alexandria office of the Office of Workers' Compensation on August 29, 2002, for a hearing on the matter.

The next significant entry in the record is the Office of Workers' Compensation (OWC) judge's "Order of Dismissal" rendered July 8, 2002. Said order was based upon Claimant's failure to attend or request a continuance of a pretrial conference scheduled for July 1, 2002. The order of dismissal referenced OWC Hearing Rule 5705(A)(4) as authority. On July 18, 2002, a "Motion to Reinstate Claim" was filed by Claimant explaining that due to his incarceration, he could not appear without an order from the OWC. That same day the OWC judge issued an order denying Claimant's motion to reinstate his suit, based upon Claimant's failure to participate in the telephone status conference of January 16, 2002, or the "*telephone* pretrial conference" (emphasis ours) of July 1, 2002. We note that the order of dismissal of July 18, 2002, states Claimant failed to "*attend*" the July 1, 2002, pretrial conference.

It is from the OWC judge's order refusing to reinstate Claimant's suit that Claimant appeals.

**LAW AND DISCUSSION**

There are two aspects of this case which are troubling. First, neither the body of the record nor the minute entries indicate that proper notice was served on

Claimant or his counsel for either the telephone conference scheduled for January 16, 2002, or the hearing scheduled for August 29, 2002.

Second, the OWC judge stated he dismissed Claimant's action in accordance with an OWC Hearing Rule. OWC Hearing Rules form part of the Louisiana Administrative Procedure Act.. OWC Hearing Rule 5705 is entitled "Abandonment" and states, in pertinent part, as follows:

> A.   A claim may be dismissed by an ex parte order of the judge for lack of prosecution for the following reasons:
>
>     . . . .
>
>     (4)   Where a party fails to appear for a properly noticed conference or trial.
>
>     . . . .
>
> C.   Dismissal under this Rule shall be without prejudice. Any order of dismissal shall allow for reinstatement of the action within thirty (30) days for good cause shown.

This provision appears to be in conflict with La.R.S. 23:1209(D) which states:

> When a petition for compensation has been initiated as provided in Section 1310.3, unless the claimant shall in good faith request a hearing and final determination thereon within five years from the date the petition is initiated, same shall be barred as the basis of any claim for compensation under the Workers' Compensation Act and shall be dismissed by the office for want of prosecution, which action shall operate as a final adjudication of the right to claim compensation thereunder.

The pertinent section of the statute referenced above, La.R.S. 23:1310.3(B)(2)(Emphasis added), provides as follows:

> If any party fails to appear at a mediation conference *after proper notice*, the workers' compensation judge, upon report from the workers' compensation mediator, may fine the delinquent party an amount not to exceed five hundred dollars, which shall be payable to the Office of Workers' Compensation Administrative Fund. In addition, the workers' compensation judge may assess against the party failing to attend costs

3

and reasonable attorney fees incurred by any other party in connection with the conference. If the plaintiff fails to appear *after proper notice*, the workers' compensation judge may dismiss the plaintiff's case without prejudice. *The penalties provided for in this Subsection shall be assessed by the workers' compensation judge only after a contradictory hearing* which shall be held prior to the hearing on the merits of the dispute.

The following is well settled:

> In determining the applicability of laws, the more specific governs over the more general. *In the Interest of A.C.*, 93-1125 (La.1/27/94), 643 So.2d 719, 730, *cert. denied*, 515 U.S. 1128, 115 S.Ct. 2291, 132 L.Ed.2d 292 (1995). With regard to administrative agencies, the more specific laws are those which govern the agency. These specific laws govern over the more general laws of the APA [Administrative Procedures Act] or of the Louisiana Code of Civil Procedure. *See Corbello v. Sutton*, 446 So.2d 301, 303 (La.1984); *State, Louisiana Riverboat Gaming Commission v. Louisiana State Police Riverboat Gaming Enforcement Division*, 95-2355 (La.App. 1 Cir. 8/21/96), 694 So.2d 316, 321.

*Victorian v. Stalder*, 99-2260, p. 6 (La.App. 1 Cir. 7/14/00), 770 So.2d 382, 389.

Last fall, this court dealt with a similar problem in *Bellard v. Seale Guest House*, 02-355, pp. 3-6 (La.App. 3 Cir. 10/30/02), 829 So.2d 1080, 1082-84, stating the following:

> In the present case, the record suggests that the action was dismissed in May of 1998 for failure to attend *a pre-trial conference.* The authorization for such a dismissal is found in the Office Workers' Compensation's Hearing Rule 5705[A](4), which permits the workers' compensation judge to dismiss a claim ex parte for lack of prosecution "[w]here a party fails to appear for *a properly noticed conference or trial*." (Emphasis added.) Hearing Rule 5705 further provides that the order of dismissal shall be without prejudice and shall allow for reinstatement within thirty days for good cause shown. Mr. Bellard filed for reinstatement well beyond thirty days, but in his "Motion to Reinstate" he alleged that he never received notice of the conference. From the record before us, we are unable to determine if the conference was "properly noticed," as required by Hearing Rule 5705.
>
> . . . .
>
> Mr. Bellard also argues that his claim should not have been dismissed as abandoned because three years had not elapsed without any

4

party taking a step in the prosecution of the claim, as required by La.Code Civ.P. art. 561.  More specific to workers' compensation claims, however, is La.R.S. 23:1209(D) (emphasis added), which provides:

> When a petition for compensation has been initiated as provided in Section 1310.3, unless the claimant shall in good faith request a hearing and final determination thereon *within five years from the date the petition is initiated*, same shall be barred as the basis of any claim for compensation under the Workers' Compensation Act and *shall be dismissed by the office for want of prosecution*, which action shall operate as a final adjudication of the right to claim compensation thereunder.

In *Clark*, 809 So.2d 514, the fourth circuit was poised to decide whether Hearing Rule 5705[A](4), then identified as Hearing Officer Rule 2139(4), was in conflict with La.R.S. 23:1209(D) when presented with these facts.  The claimant in *Clark* was injured on May 22, 1991.  Notwithstanding his receipt of indemnity benefits through July 12, 1993, he filed a disputed claim in the Office of Workers' Compensation in July of 1992.  On October 29, 1992, that claim was "administratively closed" or "dismissed" for reasons not readily apparent from the record.  The claimant filed a second disputed claim on August 10, 1994, some thirteen months after the receipt of his last payment of benefits and after he had been released from prison.  The supreme court would ultimately reject the claimant's argument that prescription was suspended during his incarceration, but the court remanded the case to consider whether prescription had been interrupted by his 1992 petition.  *Clark v. Mrs. Fields Cookies*, 97-397 (La.1/21/98); 707 So.2d 17.  In the meantime, the claimant had filed for reinstatement of his 1992 claim on July 15, 1995, two years and nine months after its dismissal, arguing that a workers' compensation claim could not be dismissed for failure to prosecute until five years had elapsed under La.R.S. 23:1209(D).  The workers' compensation judge agreed, ruling that La.R.S. 23:1209(D) superseded Hearing Rule 5705[A](4).  Because five years had not elapsed between the 1992 dismissal and the filing of the motion to reinstate in 1995, the workers' compensation judge found that the claim had not been abandoned, despite the earlier "dismissal," and that the second petition of 1994 related back to the original petition of 1992.

On appeal, the fourth circuit did not reach the correctness of that ruling because the parties disputed whether the 1992 dismissal was based upon the failure to attend a pre-trial conference per Rule 5705[A](4) or upon prematurity, as the claimant was receiving some benefits when the claim was filed.  After concluding that this factual dispute could be not resolved without a judgment of dismissal, written reasons, or a docket entry indicating the reason for the dismissal, the

5

fourth circuit remanded the case to establish a complete record for appeal.

The parties in the present case agree that Mr. Bellard's claim was dismissed in May of 1998 for failure to attend a pre-trial conference, but we are unable to determine from the record whether that conference was "properly noticed," as required by Hearing Rule 5705[A](4). Additionally, the record does not contain the petition filed in 1997. Hence, we are unable to identify the original Defendant(s) or to determine whether the petitions naming the later-added Defendants "relate back" to the original filing under La.Code Civ.P. art. 1153, should that issue arise. Accordingly, we will remand the case for clarification of the record and for consideration of the concerns expressed herein and in *Clark*, 809 So.2d 514.

While this case is factually different, it does raise some of the same issues raised in *Bellard*. As in *Bellard*, there is nothing in the record to show that Claimant, Terry Piper, received proper notice of the July 1, 2002, hearing. Thus we, like our brethren in the Fourth Circuit and the panel of this court in *Bellard*, do not have to reach the issue of whether R.S. 23:1209(D) supercedes OWC Rule 5705 (A)(4).

Accordingly, for the reasons stated above we reverse the judgment dismissing Claimant's suit. We remand the case to the Office of Workers' Compensation for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**