# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-720

FRANK HICKS

VERSUS

GERVIS TEZENO

************

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 4,
PARISH OF LAFAYETTE, NO. 03-07512,
SHARON M. MORROW, WORKERS' COMPENSATION JUDGE

************

## MICHAEL G. SULLIVAN
## JUDGE

************

Court composed of Jimmie C. Peters, Michael G. Sullivan, and John B. Scofield,[*] Judges.

**REVERSED AND REMANDED.**

**Frank Hicks**
**In Proper Person**
**Post Office Box 489**
**Melville, Louisiana  71353**
**(337) 623-3065**
**Plaintiff/Appellant**

**Gervis Tezeno**
**In Proper Person**
**Post Office Box 692**
**Melville, Louisiana  71353**
**(337) 623-5631**
**Defendant/Appellee**

---

[*]John B. Scofield participated in this decision by appointment of the Louisiana Supreme Court as Judge *Pro Tempore.*

SULLIVAN, Judge.

Frank Hicks appeals the dismissal of his workers' compensation claim for failure to prosecute. For the following reasons, we reverse and remand.

**Procedural History**

On October 15, 2003, Mr. Hicks, through his attorney, Michael B. Miller, filed a disputed claim for compensation, alleging that he was injured on July 18, 2003, while working as a cement finisher for Gervis Tezeno. On November 11, 2003, Mr. Miller, on behalf of Mr. Hicks, attempted to participate by telephone in a mediation conference, but the conference was not held because Mr. Tezeno failed to appear. A second conference was scheduled for January 5, 2004, at which time Mr. Miller again attempted to participate by telephone. Noting that Mr. Tezeno failed to appear for the second time even though his correct address was on file, the mediator indicated that, in further proceedings, a fine should be assessed against the employer for his failure to participate.

On January 13, 2004, Mr. Miller filed a motion to withdraw as counsel of record, alleging that a conflict had arisen between him and Mr. Hicks. The motion was granted that same day. On January 21, 2004, the workers' compensation judge (WCJ), on her own motion, filed a rule to show cause why the claim should not be dismissed for failure to prosecute, although the rule did not state the basis for its filing. When Mr. Hicks did not appear for the hearing on the rule, on March 5, 2004, the WCJ dismissed his claim by written order signed March 9, 2004. The order stated that the dismissal was without prejudice and that the claimant had the right to have the action reinstated within thirty days, for good cause shown. Mr. Hicks did not seek reinstatement before the WCJ within thirty days, but instead filed the instant appeal

on April 7, 2004.  In his handwritten *pro se* brief, Mr. Hicks apparently seeks reinstatement of his claim, although he does not specify any assignments of error.

**Opinion**

Under Uniform Rules—Courts of Appeal, Rule 1–3, appellate courts are to "review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise."  Although Mr. Hicks does not raise any assignments of error, his *pro se* brief, at least by implication, seeks reinstatement of his claim.  For purposes of this opinion, we will treat the dismissal of his suit as an assignment of error.  We also find, for the reasons discussed below, that the interests of justice dictate that we examine the circumstances surrounding the dismissal of his claim.

We first note that the WCJ's rule to show cause does not state the basis upon which it seeks dismissal for non-prosecution.  However, at the hearing on the rule, the WCJ alluded to the claimant's failure to obtain service on the employer.  The written order of dismissal refers to Mr. Hicks' failure to appear at the March 5, 2004 hearing, as well as "the administrative rules of this office," as grounds for dismissal.

The Office of Workers' Compensation Hearing Rule 5705 (emphasis added) provides in part:

**Section 5705.  Abandonment**

A.  A claim may be dismissed by an ex parte order of the judge for lack of prosecution for the following reasons:

(*1*)  *Where no service of process and/or mediation has occurred within sixty (60) days after the Form LDOL-WC-1008 has been filed*;

(2)  Where no responsive pleadings have been filed and no default has been entered within sixty (60) days after service of process;

2

(3) Where a claim has been pending six (6) months without proceedings being taken within such period. This provision shall not apply if the claim is awaiting action by the workers' compensation court; or

*(4) Where a party fails to appear for a properly noticed conference or trial.*

. . . .

C. Dismissal under this Rule shall be without prejudice. Any order of dismissal shall allow for reinstatement of the action within thirty (30) days for good cause shown.

D. The failure of an attorney or pro se litigant to keep the workers' compensation court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to a party or the workers' compensation court for the reason of an incorrect address and no correction is made to the address for a period of thirty (30) days.

In *Piper v. Shakti, Inc.*, 02-1010 (La.App. 3 Cir. 10/1/03), 856 So.2d 144, this court held that the record did not support the dismissal of a claim for failure to attend a mediation conference, where the record did not demonstrate that the conference was "properly noticed" as required by Hearing Rule 5704(A)(4). *See also Bellard v. Seale Guest House*, 02-355 (La.App. 3 Cir. 10/30/02), 829 So.2d 1080, in which we remanded for a determination of whether the claimant received proper notice of a pre-trial conference, where his failure to attend that conference was the reason his initial suit was dismissed. Similarly, in the present case, the record does not indicate whether Mr. Hicks was notified of the March 5, 2004 hearing. Accordingly, we find that his failure to attend that hearing is insufficient to support the dismissal of his claim, to the extent that the order of dismissal mentions this as a basis for the dismissal.

3

The order also states that the dismissal is "pursuant to the administrative rules of this office." Neither the rule to show cause nor the order of dismissal references Hearing Rule 5705(A)(1), but, at the hearing on rule, the WCJ noted the inability to obtain service on the employer and the lapse of "a period in excess of that allowed by our rules." The order of dismissal stated that the claim could be reinstated within thirty days for good cause shown. It was accompanied by a notice of judgment informing the parties of their right to file a suspensive appeal within thirty days or a devolutive appeal within sixty days. Mr. Hicks did not seek reinstatement of his claim, but rather filed an appeal to this court.

Mr. Hicks filed a three-page, handwritten brief in this court, generally asking for someone to help him, but without reference to the case's procedural history. As in *Loring v. Trans Gulf*, 95-785, p. 4, n.1 (La.App. 5 Cir. 1/30/96), 668 So.2d 1297, 1298, it would appear from this brief that Mr. Hicks "does not fully understand what has transpired in his case, procedurally" and is "in need of counsel to represent him." The record reflects that Mr. Hicks was represented by counsel for approximately three months, during which time two mediation conferences were cancelled because the Defendant failed to appear. The WCJ's rule to show cause why the case should not be dismissed for failure to prosecute was filed less than two weeks after Mr. Hicks' counsel withdrew from the case, and the rule did not state the reason why the case was subject to dismissal for non-prosecution. Further, the record does not reflect that Mr. Hicks received a copy of the rule. The record does show that he received a copy of the order of dismissal, informing him that the case could be reinstated within thirty days for good cause shown, and a copy of the notice of judgment, informing him of the appellate delays for appeal to this court.

4

Because Mr. Hicks did not seek reinstatement in the Office of Workers' Compensation, the issue of "good cause" was never submitted to the WCJ. However, given the unrepresented claimant's limited understanding of these proceedings, we find the interests of justice require that we consider this issue. We further find that the record does support reinstatement for good cause, given that the claimant was initially represented by counsel, who had attempted mediation twice, and that the rule for dismissal was filed so soon after the claimant's counsel withdrew from the case.

**Decree**

For the above reasons, the judgment of Office of Workers' Compensation dismissing Mr. Hicks' suit is reversed and the case is remanded for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**