FREDERICKA HOMBERG WICKER, Judge.
| ^Claimant, Freddy Fuentes, appeals the dismissal of his disputed claim for worker’s compensation benefits against Voiron Companies, LLC without prejudice on June 19, 2013 and then with prejudice on August 7, 2013. For the following reasons, we find the trial court erred, reverse its judgments of dismissal, and remand this case for further proceedings consistent with this opinion.

FACTS AND PROCEDURAL HISTORY

On February 25, 2013, Mr. Fuentes filed a disputed claim for compensation against Voiron. In it, Mr. Fuentes claimed he had an accident while he was working for Voi-ron on May 17, 2012 in New Orleans when a “construction beam fell on claimant’s foot.” Mr. Fuentes further alleged that this accident caused him to suffer injuries to his left leg and knee, that Voiron had not paid wage benefits to him, and that Voiron had not authorized his medical treatment.
I/Thereafter, Mr. Fuentes moved for a preliminary default, arguing that he was entitled to the default judgment because of Voiron’s failure to answer his claim. On June 19, 2013, the trial court held a hearing on Mr. Fuentes’ motion where it recognized the appearance of Mr. Fuentes’ attorney, Mr. Miguel Elias, but found that Mr. Fuentes himself had failed to personally appear. In light of this finding, the trial court judge rendered an oral judgment dismissing Mr. Fuentes’ claim “without prejudice under the 5705.” Referring to Rule 5705 of the Office of Worker’s Compensation’s Hearing Rules, the trial court judge informed Mr. Fuentes’ attorney that under “5705” she was bound to dismiss Mr. Fuentes’ claim. The trial court allowed Mr. Fuentes 30 days to “reinstate the action for good cause.” The trial court judge memorialized her ruling in a written judgment issued the same day. On July 19, 2013, Mr. Fuentes sought to reinstate his claim by filing another copy of his original “disputed claim for compensation.”
On July 19, 2013, the trial court issued a rule to show cause ordering “Freddy Fuentes, Claimant” to appear on August 7, 2013, “to show good cause as to why [his] Disputed Claim for Workers’ Compensation should be reinstated.” On August 7, 2013, the trial court held a hearing on Mr. Fuentes’ filing to reinstate his claim. The transcript reveals that while Mr. Fuentes’ attorney appeared at this hearing, Mr. Fuentes did not personally appear. After finding again that Mr. Fuentes had failed *134 to personally appear, the trial court judge ruled from the bench, dismissing Mr. Fuentes’ claim with prejudice. In so ruling, the trial court judge stated:
So, now you’re telling me he’s not here again. I don’t really have any other choice but to dismiss his case with prejudice. I mean, I don’t have any indication from you or from him that he wants to pursue the claim. The rule to show cause specifically says Freddy Fuentes shall appear and show good cause. So, for those reasons I’ll dismiss this claim with prejudice.
|4This ruling was memorialized in a written judgment issued and mailed on August 7, 2013. Mr. Fuentes moved for a devolu-tive appeal from this judgment on August 27, 2013. The trial court granted this appeal the same day.

DISCUSSION

Mr. Fuentes now appeals the trial court’s judgment dismissing his claim without prejudice on June 19, 2013, and its judgment dismissing his claim with prejudice on August 7, 2013. Mr. Fuentes argues the trial court erred in failing to allow his attorney to appear on his behalf, in failing to provide him proper notice, and in finding he abandoned his claim. For the following reasons, we agree.
First, it is clear from the transcripts that the trial court dismissed Mr. Fuentes’ claim on June 19 and August 7, 2013 because of Mr. Fuentes’ failure to personally appear in court on the hearing on those dates. The transcripts also reveal that in support of its judgments of dismissal, the trial court relied on its authority to dismiss Mr. Fuentes’ claim, with or without prejudice, arising from Rule 5705 of the Office of Worker’s Compensation’s Hearing Rules, entitled “Abandonment.” In pertinent part, that rule states:
A. A claim may be dismissed without prejudice after contradictory hearing properly noticed by the court on the judge’s own motion or on ex parte motion of a party for the following reasons:
[[Image here]]
4. where a claimant fails to appear for any properly noticed conference or hearing;
* ⅜ *
C. Any order of dismissal shall allow for reinstatement of the action within 30 days for good cause shown.
D. The workers’ compensation judge may order the claim dismissed, with prejudice, after a contradictory hearing, when it is shown that more than 90 days has elapsed since a claim was dismissed for any reason listed in Subsection A of this Section and no good cause has been shown for reinstatement.
La. Admin. Code tit. 40, pt. I, § 5705.
|fiWhile the record supports the trial court’s finding that Mr. Fuentes did fail to personally appear, the record also shows that Mr. Fuentes’ attorney, Mr. Miguel A. Elias, did appear on both occasions.[1]
Under the Office of Worker’s Compensation Hearing Rules, Mr. Elias’ appearance on behalf of Mr. Fuentes constituted an appearance by Mr. Fuentes. See La. Admin. Code tit. 40, pt. I, § 5545 (“In all hearings before the Workers’ Compensation Judge the parties may appear in person or by counsel licensed to practice law in the State of Louisiana....”). Furthermore, despite statements by the trial court judge at the August 7, 2013 hearing indicating otherwise, we find no evidence in *135 the record that the trial court judge had ordered Mr. Fuentes to personally appear in court that date.[2] Accordingly, we find that the trial court erred by issuing its judgments of dismissal of Mr. Fuentes’ claim based on his failure to personally appear.
Next, we also find that Mr. Fuentes’ argument claiming that he was not given proper notice of his hearings has merit. While the record indicates that Mr. Fuentes may have received notice that the trial court planned to hold hearings on June 19, 2013, and August 7, 2013, the record contains no evidence that the hearings on those dates were properly noticed as hearings on the question of whether the court should dismiss Mr. Fuentes’ claim. Rather, the record indicates that on June 19, 2013, Mr. Fuentes expected to have a hearing on his motion for a preliminary default against Voiron, and that on August 7, 2013, Mr. Fuentes expected to have a hearing on his motion to reinstate his claim for good cause shown. Under the Office of Worker’s Compensation’s Hearing Rule 5705, the |fitrial court lacked authority to issue the two judgments dismissing Mr. Fuentes’ claim without providing him notice that the matter of dismissal would be heard. See Piper v. Shakti Inc., 02-1010 (La.App. 3 Cir. 10/1/03), 856 So.2d 144, 148-49 (reversing the dismissal of appellant’s claim based on appellant’s failure to appear at a hearing when there was “nothing in the record to show” claimant “received proper notice” of that hearing) and Bellard v. Seale Guest House, 02-355 (La.App. 3 Cir. 10/30/02), 829 So.2d 1080, 1084 (where claimant appealed the dismissal of his claim for his failure to attend a hearing, the court of appeal remanded the matter to the trial court because it was “unable to determine from the record whether that [hearing] was ‘properly noticed’ as required by Hearing Rule 5705”).
Finally, with regard to the trial court’s August 7, 2013 dismissal with prejudice of Mr. Fuentes’ motion to reinstate his claim, we find that the trial court erred in failing to comply with the requirements of the Office of Worker’s Compensation’s Hearing Rule 5705 subsection “D.”[3] In order to dismiss a plaintiffs claim with prejudice, Rule 5705 subsection “D” requires that “more than 90 days has elapsed since a claim was dismissed for any reason listed in Subsection A of this Section and no good cause has been shown for reinstatement.” Here, the trial court first dismissed Mr. Fuentes’ claim without prejudice on June 19, 2013 because of the fourth reason provided in subsection A of Rule 5705, the previously discussed failure of Mr. Fuentes to personally appear on that date. The trial court then followed with its dismissal with prejudice on August 7, 2013. Because less than ninety days elapsed between these two dates, the trial court did not comply with Rule 5705 subsection “D” when it dismissed Mr. Fuentes’ claim with prejudice. The trial court’s failure to comply with this ninety-day time delay |7provides an additional reason why its August 7, 2013 judgment *136 dismissing Mr. Fuentes’ claim with prejudice was in error.

CONCLUSION

For the foregoing reasons, we find the trial court erred both when it dismissed Mr. Fuentes’ claim without prejudice on June 19, 2013, and when it dismissed Mr. Fuentes’ claim with prejudice on August 7, 2013. Accordingly, we reverse the trial court’s judgments of dismissal from those dates and remand this ease for further proceedings consistent with this opinion.

REVERSED AND REMANDED

. The transcripts of these hearings also show that Voiron failed to appear at both of these hearings.

. After dismissing Mr. Fuentes’ claim at the initial hearing on June 19, 2013, the trial court advised Mr. Fuentes’ attorney as follows: "So, if you can confirm with him and then confirm to me that he does want to proceed with this claim. What I’ll do is reopen it under the same docket number and set the preliminary default hearing.” We find that this statement by the trial court did provide notice to Mr. Fuentes, or his attorney, that Mr. Fuentes was required to be personally present at the next hearing.

. In light of our finding that this matter may be resolved under Rule 5705, we decline Mr. Fuentes’ invitation to consider whether, under these facts, Rule 5705 conflicts with La R.S. 23:1209(D).